IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IMAGINATION PRODUCTS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 C 14280 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has moved for default judgment against defendants (Doc. 23). To determine whether default judgement in this matter is governed by the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the court ordered plaintiff to file a supplemental memorandum addressing: (1) whether the addresses of defendants are known; and (2) if the addresses of defendants are not known, the efforts that plaintiff undertook to discover defendant's address (Doc. 26).

Having reviewed plaintiff's supplemental memorandum, the court finds that the Hague Convention does not govern this matter. The Hague Convention applies only where defendants' addresses are known. See 20 U.S.T. 361, Art. 1. When a plaintiff claims that defendants' addresses are unknown, "the court must assess whether Plaintiff has made reasonably diligent efforts to ascertain and verify defendant's mailing address." Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A", 347 F.R.D. 316, 327 (N.D. Ill. 2024), appeal dismissed sub nom. Peanuts Worldwide LLC v. Electrician Guy, No. 24-

2170, 2024 WL 5297821 (7th Cir. Aug. 28, 2024) (internal quotation omitted).

Here, plaintiff has made a reasonably diligent effort to ascertain and verify defendants' mailing addresses. Plaintiff subpoenaed Amazon for defendant stores' addresses and then engaged an investigator located in mainland China to attempt to verify those addresses. In addition, plaintiff attempted to verify defendants' addresses using Baidu, the leading search engine in China.[1] Plaintiff was not able to verify any of defendants' addresses. Some of the addresses provided were incomplete and thus unusable. Other addresses were complete but led to locations that did not appear to have a connection to the respective defendant, such as a public park or office of a company not related to the respective defendant.

After plaintiff made a reasonably diligent effort to ascertain and verify defendants' addresses, they remain unknown. Thus, the Hague Convention does not govern default judgment in this matter. Instead, default judgment is governed by Fed. R. Civ. P. 55. Consequently, plaintiff's motion for default judgment (Doc. 23) is GRANTED. Order to follow.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: March 2, 2026**

[1] The court notes that plaintiff's use of Google Maps is not persuasive in this context. As this court has noted before, Google Maps does not work in China. See Peanuts Worldwide LLC, 347 F.R.D. at 328 (explaining that "[p]laintiff tries to argue that this address is 'unknown or reasonably uncertain' because Plaintiff's counsel was unable to find it on Google Maps, but this is not enough to show reasonable diligence: as Defendant points out, Google's search products do not consistently work in China"); see also Mark Andrews, "Best apps for foreign visitors in China and which are useless – like Google Maps," South China Morning Post, August 13, 2023. Thus, it is no surprise that plaintiff's Google Maps search failed.